UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BETHANY W., | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )   No. 2:21-cv-00360-NT |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|       Defendant | ) |

## REPORT AND RECOMMENDED DECISION

The Plaintiff in this Social Security Disability and Supplemental Security Income appeal contends that the Administrative Law Judge (ALJ) ignored material evidence that she required "a supportive supervisor who will tolerate periodic absences from the workplace due to her panic attacks," warranting remand. Statement of Errors (ECF No. 12) at 1.  I discern no error and recommend that the Court affirm the Commissioner's decision.

### I. Background

The ALJ found, in relevant part, that the Plaintiff (1) had the severe impairments of anxiety disorder, depressive disorder, and attention deficit hyperactivity disorder (ADHD), *see* Record at 19, (2) retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels, complete two-hour blocks performing non-complex tasks at a consistent pace within a normal schedule, interact with coworkers and supervisors in a normal work setting but not

1

with the public, and adapt to routine changes, avoid common hazards, travel, and make basic decisions, *see id.* at 23, (3) could perform jobs existing in significant numbers in the national economy, *see id.* at 28, and (4) therefore was not disabled, *see id.* at 29. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-4, making that decision the final determination of the Commissioner, *see* 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

The Plaintiff argues that the ALJ erred "when he ignored [her] documented need for a supportive supervisor," citing *Christopher B. v. Saul*, No. 1:18-cv-00343-DBH, 2019 WL 6444197, at *3 (D. Me. Nov. 29, 2019) (rec. dec.), *aff'd*,

2019 WL 6842532 (D. Me. Dec. 16, 2019), for the proposition that an ALJ "may not ignore an entire line of evidence that is contrary to the ruling," rendering it "impossible for a reviewing court to tell whether the ALJ's decision rests upon substantial evidence." Statement of Errors at 4 (cleaned up). She asserts that the error was not harmless because, in discounting both her own subjective allegations and the opinions of treating psychiatrist Kathleen Abernathy, M.D., the ALJ relied heavily on her ability to work in a shop two days a week and teach Sunday school without specifically mentioning her testimony that she could do so only with understanding and flexible employers. *See id*. at 9-10 (citing *Ferguson v. Berryhill*, No. 1:16-cv-00489-DBH, 2017 WL 2417849, at \*6 (D. Me. June 4, 2017) (rec. dec.), *aff'd*, 2017 WL 2683952 (D. Me. June 20, 2017), for the proposition that the manner in which a claimant performs part-time jobs is material to whether she can perform other work in the national economy).

*Christopher B.* and *Ferguson*, however, are both materially distinguishable. In *Christopher B.*, this Court held remand warranted because an ALJ ignored material restrictions assessed by three treating sources. *See Christopher B.*, 2019 WL 6444197, at \*2-4. Similarly, in *Ferguson*, this Court held remand warranted when, in discounting a claimant's testimony that he performed his prior part-time job with the help of a job coach, the ALJ ignored a letter from his Vocational Rehabilitation caseworker verifying that he had received job coaching, emails between his employer and caseworker documenting the presence of his job coach at work, and the opinions of two experts that he required a supportive supervisor or job

3

coach. *See Ferguson*, 2017 WL 2417849, at *4-7.[1]

In this case, by contrast, the Plaintiff primarily faults the ALJ for not specifically addressing a portion of her own testimony. *See* Statement of Errors at 6 (noting that the Plaintiff testified that she was able to accomplish part-time work in jobs as a Sunday school teacher and in a retail shop only because her supervisors knew her personally and were willing to accommodate her panic attacks). This distinction is important because this Court has held that ALJs are not obligated to exhaustively discuss each and every allegation made by a claimant. *See, e.g.*, *Evans v. Colvin*, No. 1:12-cv-211-DBH, 2013 WL 1632644, at *3 (D. Me. Mar. 28, 2013) (rec. dec.) (rejecting a claimant's argument that remand was warranted where the ALJ did not specifically discuss each of her self-reported symptoms), *aff'd*, 2013 WL 1628642 (D. Me. Apr. 16, 2013); *see also Teresa A. M. v. Saul*, No. 2:19-cv-00292-LEW, 2020 WL 2850224, at *9 (D. Me. June 1, 2020) (rec. dec.) (noting that a court's "review of an ALJ's evaluation of a claimant's subjective allegations is deferential" (cleaned up)), *aff'd*, 2020 WL 3963866 (D. Me. July 13, 2020).

The Plaintiff attempts to bolster her self-reported need for a supportive work environment by arguing that the record further demonstrates that need, Statement of Errors at 1, pointing out, for example, that she never worked at the level of substantial gainful activity, *see id.* at 5, and that, per Dr. Abernathy, she "typically

---

[1] The Plaintiff also cites *Williams v. Colvin*, No. 2:13-00108, 2014 WL 7263942, at *6-7 (M.D. Tenn. Dec. 18, 2014) (rec. dec.), *aff'd*, 2015 WL 3431917 (M.D. Tenn. May 27, 2015), for the proposition that the ALJ's failure to mention her need for a supportive supervisor was harmful error. *See* Statement of Errors at 10. *Williams*, too, is materially distinguishable: the ALJ found that the claimant *did* require a supportive supervisor but erred in relying on the Medical-Vocational Guidelines rather than calling a vocational expert to determine whether the claimant's limitations were disabling. *See Williams*, 2014 WL 7263942, at *6-7.

does well at work part of the day, but then experiences anxiety and panic symptoms which cause her to leave work," *id.* at 8. Nevertheless, in the absence of any evidence specifically corroborating the Plaintiff's testimony that she persisted at her two part-time jobs only because she had supportive supervisors or an expert's opinion that she was limited to supportive work environments, the ALJ was entitled to disregard her testimony on this point. *See, e.g.*, *De Jesus v. Sec'y of Health & Hum. Servs.*, No. 91-2169, 1992 WL 137507, at *3 (1st Cir. June 19, 1992) ("[W]e are in no way troubled by claimant's objection that the ALJ impermissibly ignored her testimony that side-effects of her medications made her too sleepy to engage in work activity. There was no mention of this problem anywhere in the medical evidence. In the absence of medical evidence, the ALJ was entitled to disregard claimant's testimony.").[2]

---

[2] Moreover, as the Commissioner notes, *see* Opposition (ECF No. 13) at 1, 3-4, 11, the Plaintiff did not challenge the ALJ's reliance on the opinions of two agency nonexamining psychologists who reviewed both Dr. Abernathy's available treatment records and her statement that the Plaintiff's anxiety and panic attack symptoms caused her to leave work but did not conclude that the Plaintiff required supportive work environments, *see* Record at 26, 65, 73, 80-81, 83; *Nathaniel-Bishop W. B. v. Kijakazi*, No. 1:20-cv-00323-JAW, 2021 WL 4147245, at *2, *5 n.5 (D. Me. Sept. 12, 2021) (rec. dec.) (holding that any error in an ALJ's consideration of an examining psychologist's findings was harmless where he properly relied on the opinions of medical experts who had reviewed the evidence), *aff'd*, 2021 WL 5750391 (D. Me. Dec. 2, 2021). While the Plaintiff's counsel attempted to raise such a challenge for the first time at oral argument, counsel for the Commissioner correctly noted that the point had been waived. *See, e.g.*, *Faye W. v. Berryhill*, No. 1:17-cv-00485-NT, 2019 WL 259435, at *5 (D. Me. Jan. 18, 2019) (rec. dec.) ("Issues or claims not raised in the itemized statement of errors required by this court's Local Rule 16.3(a) will be considered waived and will not be addressed by this court." (cleaned up)), *aff'd*, 2019 WL 489084 (D. Me. Feb. 7, 2019).

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: November 14, 2022

/s/ Karen Frink Wolf
United States Magistrate Judge